under the deed of assignment, but there is no doubt, I think, on the answer of Mills, that they did receive goods, wares and merchandise amounting to three thousand nine hundred and fifty-nine dollars and twenty-seven cents. This shows that in 1869, goods to the value of six hundred dollars were delivered to complainant, and complainant avers that the expenses of defendants on the sale of said goods were reasonably worth four hundred and fifty dollars. Adding these two sums together they make one thousand and fifty dollars, which should be deducted from three thousand nine hundred and fifty-nine dollars and twenty-seven cents, leaving, certainly, on January the 1st, 1870, two thousand nine hundred and nine dollars and twenty-seven cents. To this sum add the legal interest at eight per cent. from demand made (say January 1st, 1870) to May 16th, 1872, amounting to seven hundred and eighty-three dollars and fifty cents, and it will make a total of three thousand six hundred and ninety-two dollars and seventy-seven cents, for which the complainant should have a judgment. There were other sums claimed in the bill, to wit: An order on the treasurer of Johnson county for four hundred and five dollars, and accounts amounting to three hundred and fifty-five dollars and fifty-five cents, but which have not been satisfactorily proven to have been collected by defendants, nor have the two items of goods alleged to have been shipped to defendants, one for five hundred dollars, and the other for one thousand six hundred dollars.

Inasmuch as Mills and Fitch were made joint trustees, and decree final has been taken against the latter, and the cause has been fully argued and considered upon the bill, answer and exhibits in the case of Mills, it is ordered that the same decree final be entered in the cause as to both defendants, and that they be held and bound liable, jointly and severally, for the sum above stated, and final decree entered therefor in behalf of complainant. And it is ordered, adjudged and decreed accordingly.

## Case No. 13,462.

STOCKDALE v. ATLANTIC INS. CO.

[See 20 Wall. (87 U. S.) 323.]

STOCKDALE (BORNIO v.). See Case No. 1,662

STOCKDALE (HOME MUT. INS. CO. v.). See Case No. 6,662.

STOCKDALE (WALKER v.). See Case No. 17,088.

STOCKHOLDERS (WILBUR v.). See Case No. 17,636.

STOCKTON (BELTZHOOVER v.). See Case No. 1,283.

STOCKTON (BISHOP v.). See Case No. 1,-440.

STOCKTON (GOODYEAR DENTAL VULCANITE CO. v.). See Case No. 5,599.

STOCKTON v. KENDALL. See Case No. 15,518.

STOCKTON (LOWE v.). See Case No. 8,567.

STOCKTON (SALTONSTALL v.). See Case No. 12,271.

## Case No. 13,463.

STOCKTON v. THROGMORTON.

[1 Baldw. 148.] [1]

Circuit Court, E. D. Pennsylvania. April Term, 1830.

BAIL—JUSTIFICATION—SURRENDER OF PRINCIPAL.

1. Bail to the sheriff entered special bail; on being excepted to he refused to justify, whereupon he was sued on the bail bond; he surrendered the principal before the return of the writ. Held, that the surrender was good, and the bail entitled to relief on the usual terms.

2. No justification of bail is necessary where it is entered for the purpose of making a surrender.

Mr. Joseph R. Ingersoll, for plaintiff.

The whole proceeding is irregular. When special bail is entered after the expiration of the six weeks after the return of the writ, notice must be given though the bail is unexceptionable. Here special bail was entered after an exception, and without notice, which was a fraud on the plaintiff. This court has decided that in such case they will not give an exoneretur on the bail piece on a surrender so made, or grant relief on a suit on the bail bond; and that bail can have no relief unless they justify and perfect bail after an exception. Bobyshall v. Oppenheimer [Cases Nos. 1,589, 1,590]. A surrender by surreptitious bail is not good. 2 W. Bl. 1179, 1180.

Mr. Chauncey, for the bail.

As the plaintiff has lost neither a trial or a term, and the defendant is in custody, he has all the benefits of bail perfected, and the bail to the marshal has performed all he undertook to do by the condition of the bail bond. By the practice of the king's bench, bail to the sheriff may surrender after an exception, unless his name has been stricken from the bail piece. In the common pleas he is no longer bail after an exception—fresh bail must be put in; but any person may enter bail to make a surrender, and need not justify though the bail came from Newgate. Petersd. Bail, 234, 235, s. p. 2 W. Bl. 1179. As a universal rule, surrender is equivalent to perfecting bail, and gives the same right to relief on the bail bond suit. 1 Chit. 445; Tidd, Prac. 275; 3 Maule & S. 283; 4 Taunt.

[1] [Reported by Hon. Henry Baldwin, Circuit Justice.]